UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&M FARMS INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>E.I. du PONT, dba CORTEVA AGRISCIENCE, and Does 1-50, inclusive,<br><br>　　　　　　　Defendants. | Case No.  1:24-cv-00213-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT**<br><br>(Docs. 34, 36) |

　　　　G&M Farms Inc. ("G&M Farms") alleges that it suffered losses caused by the application of Fontelis® fungicide to its blueberry plants, including the Snow Chaser variety. Defendant Corteva Agriscience LLC (incorrectly named as E.I. du Pont, dba Corteva Agriscience) removed the action to this Court on February 15, 2024. (Doc. 1.) Currently before the Court is G&M Farms' motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 34.) By the proposed amendment, G&M Farms seeks to remove its punitive damage claim. (*Id.* at 2.) Defendant Corteva Agriscience LLC filed a statement of non-opposition on September 13, 2024.[1] (Doc. 39.) The time for any opposition to the motion has

---

[1] The first amended complaint names E.I. du Pont and Corteva Agriscience as defendants, (*see* Doc. 12 at 2), as does the proposed amended complaint, (*see* Doc. 34-4 at 2). Defendants EIDP, Inc. and Corteva Agriscience LLC contend they were incorrectly named as E.I. du Pont and Corteva Agriscience. (*See* Doc. 25 at 2 n.1.) EIDP, Inc. also contends it is not a proper party in interest in this case. (Doc. 29 at 1 n.1.)

1

expired.  L.R. 230(c).

In the absence of opposition, the matter is deemed submitted on the current record.  L.R. 230(g).  Having considered the moving papers, along with the record in this case, G&M Farms' motion for leave to file an amended complaint will be GRANTED.

**DISCUSSION**

Federal Rule of Civil Procedure 15 is the appropriate mechanism where a plaintiff seeks to eliminate one or more, but less than all, of its claims.[2]  *See Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683, 687-88 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.") (quotations and modification omitted); *United States v. Hill*, No. 2:17-cv-608-MCE-EFB, 2020 WL 5502327, at *2 (E.D. Cal. Sept. 11, 2020), *report and recommendation adopted*, No. 2:17-cv-00608-MCE-EFB, 2020 WL 6158232 (E.D. Cal. Oct. 21, 2020) ("[A] party is required to seek leave of the court to amend the complaint to eliminate one or more, but less than all, of its claims under Rule 15.").  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

---

[2] Rule 15 also governs where, as here, the deadline for amendment in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed.  *See Bencomo v. County of Sacramento*, No. 2:23-cv-00440-DAD-JDP, 2024 WL 382381, at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed . . . .").

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

G&M Farms seeks leave to amend the complaint to remove the punitive damage claim. (Doc. 34-1 at 2.) In considering the relevant factors, the Court finds that leave to file an amended complaint should be granted. Although G&M Farms has previously amended its complaint, the remaining factors weigh in favor of granting leave to amend. Critically, there will be little prejudice to defendants in permitting the amendment as it will remove G&M Farms' punitive damage claim. Further, defendants do not oppose the motion. Second, there is no indication of undue delay. G&M Farms submitted its motion for leave to amend prior to the September 6, 2024 deadline for amendment of pleadings. (*See* Docs. 27, 34.) Third, amendment is not futile. As stated, the amendment will remove the punitive damage claim. Fourth, and finally, there is no indication that the amendment is brought in bad faith. G&M Farms agreed to remove the punitive damage claim to avoid unnecessary expenses and to conserve judicial time because defendants had advised that "they were going to bring motions to remove the punitive damage claim." (Doc. 34-1 at 2.)

The Court notes that G&M Farms filed a second amended complaint on August 28, 2024. (Doc. 33.) In lieu of striking that pleading, G&M Farms will be granted leave to file its

Proposed Second Amended Complaint (Doc. 34-4), attached as Exhibit 1 to the motion, as a "Third Amended Complaint."

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. G&M Farms' motion for leave of court to file an amended complaint (Doc. 34) is **GRANTED**.

2. Within five (5) court days, G&M Farms shall file the Proposed Second Amended Complaint, a copy of which was attached as Exhibit 1 to motion, as its Third Amended Complaint. The pleading must be clearly titled "Third Amended Complaint."

3. As necessary, defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the Third Amended Complaint.

IT IS SO ORDERED.

Dated:  **September 30, 2024**          /s/ *Barbara A. McAuliffe*  
                                      UNITED STATES MAGISTRATE JUDGE