1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   G&M FARMS INC., a California                Case No.  1:24-cv-00213-JLT-BAM
     Corporation,
12                                               **FINDINGS AND RECOMMENDATIONS**
                         Plaintiff,              **REGARDING MOTION FOR LEAVE OF**
13                                               **COURT TO FILE FOURTH AMENDED**
              v.                                 **COMPLAINT**
14
     E.I. du PONT, dba CORTEVA                   (Doc. 43)
15   AGRISCIENCE, and Does 1-50, inclusive,

16                       Defendants.

17

18          G&M Farms Inc. ("G&M Farms") alleges that it suffered losses caused by the application

19   of Fontelis® fungicide to its blueberry plants, including the Snow Chaser variety.  Currently

20   before the Court is G&M Farms' motion for leave to file a fourth amended complaint pursuant to

     Federal Rule of Civil Procedure 15(a)(2).[1]  (Doc. 43.)  Defendants EIDP, Inc. and Corteva
21
     Agriscience LLC (incorrectly named as E.I. du Pont and Corteva Agriscience) opposed the
22
     motion. (Doc. 48.) G&M Farms did not file a reply.  The matter has been submitted on the record
23
     pursuant to Local Rule 230(g).  (*See* Doc. 46.)
24
            For the reasons that follow, the Court will recommend that G&M Farms' motion for leave
25
     of court to file a fourth amended complaint be DENIED.
26

27
     _____
28   [1] The motion was referred to the undersigned for appropriate action.  (Doc. 45.)

                                               1

**BACKGROUND**

G&M Farms initiated this action in Fresno County Superior Court on January 10, 2024, and asserted causes of action for strict liability in tort, negligence in manufacture, negligence n warning, and breach of warranty.  (*See* Doc. 5, Complaint.)  Defendants removed the matter to this Court on February 15, 2024.  (Doc. 1.)

On March 8, 2024, Defendants moved to dismiss the complaint in its entirety.  (Doc. 8.)

On March 26, 2024, G&M Farms filed a first amended complaint, asserting causes of action for strict liability in tort, negligence in failing to warn, strict liability in labeling, breach of warranty, and breach of implied warranty.  (Doc. 12.)  The filing of the first amended complaint rendered the pending motion to dismiss as moot.  (Doc. 16.)  Defendants answered the first amended complaint on April 9, 2024.  (Doc. 17.)

On June 11, 2024, after a Scheduling Conference with the parties, the Court issued a Scheduling Conference Order.  (Doc. 27.)  The Scheduling Conference Order set the following deadlines:

| | |
|---|---|
| Initial Disclosure: | June 25, 2024 |
| Amendment to Pleadings: | September 6, 2024 |
| Non-expert Discovery Cutoff: | July 31, 2025 |
| Expert Disclosure: | August 22, 2025 |
| Supplemental Expert Disclosure: | October 3, 2025 |
| Expert Discovery Cutoff: | November 7, 2025 |
| Pretrial Motion Filing Deadline: | January 26, 2026 |
| Pretrial Conference: | June 29, 2026 |
| Jury Trial: | September 1, 2026 |

(*Id.*)

On August 28, 2024, G&M Farms filed a second amended complaint.  (Doc. 33.) Thereafter, on August 30, 2024, G&M Farms filed a motion for leave to file its second amended complaint to delete its claim for punitive damages.[2]  (Doc. 34.)  Defendants filed a statement of non-opposition to the motion.  (Doc. 39.)  On September 30, 2024, the Court granted the motion and, to avoid confusion, directed G&M Farms to file its complaint as a third amended complaint. (*Id.*) .  (Doc. 41.)

---

[2] G&M Farms had mistakenly filed its second amended complaint without first seeking leave to amend under Rule 15(a)(2).  (*See* Doc. 43-5 at ¶ 6.)

2

On October 3, 2024, G&M Farms filed its third amended complaint, which asserts causes of action for strict liability in tort, negligence in manufacture, negligence in labeling, breach of written warranty, and breach of implied warranty.  (Doc. 42.)  G&M Farms also filed the instant motion for leave to file a fourth amended complaint. (Doc. 43.)  G&M Farms asserts that the proposed amendment seeks to provide additional facts upon which the causes of action are based. (*Id.* at 1.)  G&M Farms explains that on September 19, 2024, while waiting for the Court's decision on the motion for leave to file a second amended complaint, Defendants advised that they intended to file a motion to dismiss the bulk of the second amended complaint "on the basis that allegations of defective manufacture and design, and inadequate warning and inadequate testing were insufficiently plead."  (Doc. 43-5 at ¶ 7; Doc. 43-7, Ex. 1 to Declaration of D. Mitchell Taylor ("Taylor Decl.") at 3.)  Counsel for G&M Farms indicated that he would prepare a detailed factual basis for the allegations and asked defense counsel to stipulate to the filing of a third (fourth) amended complaint.  (Doc. 43-5 at ¶ 7; Doc. 43-7, Ex. 1 to Taylor Decl. at 3.)  After reviewing the proposed amended complaint, Defendants reportedly offered to stipulate to its filing provided the allegations of defective design, inadequate warning, and inadequate testing were removed.  (Doc. 43-5 at ¶ 8.)  G&M Farms rejected the offer.  Defendants then indicated that September 6, 2024 was the deadline set by the Court to file an amended complaint.  Counsel for G&M Farms asserted, however, that the deadline was specifically for the issue of punitive damages.  (*Id.*)

Upon review, the proposed fourth amended complaint submitted by G&M Farms includes additional factual allegations in causes of action for strict liability in tort, negligence in manufacture, breach of written warranty, and breach of implied warranty. (*See* Doc. 43-1, Proposed Fourth Amended Complaint ¶¶ 9-11, 16, 41-42, 46.)  The proposed fourth amended complaint also (1) modifies the claim for negligence in labeling into a claim for failure to warn with corresponding allegations, (*id.* ¶¶ 18-24), and (2) includes separate causes of action for inadequate testing and design defect, (*id.* ¶¶ 25-31, 32-35).

///

1

**LEGAL STANDARDS**

2

    **A.  Federal Rule of Civil Procedure 16**

3          G&M Farm's request for leave to amend comes after expiration of the relevant Scheduling

4 Conference Order deadline for amendment to the pleadings.  As observed by Defendants, the

5 Court therefore must apply the standard for amending a scheduling order under Federal Rule of

6 Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (finding

7 district court correctly addressed motion for leave to amend under Rule 16 because it had issued a

8 pretrial scheduling order that established a timetable for amending the pleadings and the motion

9 was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D.

10 Cal. June 16, 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to

11 Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend

12 pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

13          District courts enter scheduling orders in actions to "limit the time to join other parties,

14 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once

15 entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R.

16 Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v.*

17 *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case

18 management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  Indeed, a scheduling

19 order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by

20 counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*,

21 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure

22 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."

23 Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-

24 00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a

25 scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which

26 provides that a court may modify a scheduling order 'only for good cause.'").

27 ///

28 ///

As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608-609). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.* If, however, there is good cause to modify the scheduling order pursuant to Rule 16(b), the Court will then turn to Rule 15(a) to determine whether the movant's requested amendment to the pleading should be granted. *Ramos v. FCA US LLC*, No. 1:17-CV-00973, 2019 WL 2106172, at *5 (citing *Jackson*, 186 F.R.D. at 607).

**B. Federal Rule of Civil Procedure 15(a)**

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment,

1    and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d

2    1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

3    1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

4    These factors are not of equal weight as prejudice to the opposing party has long been held to be

5    the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v.*

6    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the

7    consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

8    *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the

9    most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a

10   presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316

11   F.3d at 1052.

12                                      **DISCUSSION**

13          As indicated, G&M Farms' request for leave to amend comes after expiration of the

14   relevant deadline for amendment of the pleadings as set forth in the Scheduling Conference

15   Order.  Although G&M Farms contends that such deadline was specific to the punitive damage

16   claim, (*see* Doc. 43-5 at ¶ 9; Doc. 43-6, Taylor Decl. ¶ 8), that contention is incorrect.  The

17   Scheduling Conference Order deadline applies to all motions to amend the pleadings, and

18   expressly states, "All stipulated amendments or motions to amend shall be filed by **September 6,**

19   **2024**."  (Doc. 27 at 2.)  G&M Farms is therefore required to demonstrate good cause to modify

20   the Scheduling Conference Order.  *See Coleman*, 232 F.3d at 1294–95; *Johnson*, 974 F.2d at 609.

21          The Court will examine G&M Farms' diligence to determine whether amendment of the

22   Scheduling Conference Order is proper.  *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438-

23   AWI-BAM, 2021 WL 1966387, at *3 (E.D. Cal. May 17, 2021).  In determining diligence, the

24   Court can inquire into (1) whether the movant was diligent in aiding the Court in creating a

25   scheduling order, (2) whether matters that were not, and could not be foreseeable at the time the

26   scheduling order was entered caused the need to amend, and (3) whether the movant was diligent

27   in attempting to amend the scheduling order once the need to amend became apparent. *Gonzalez*

28   *v. Jones*, No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005, at *2 (E.D. Cal. April 13, 2020)

1  (citation omitted).

2        Here, the Court does not find the requisite diligence to support modification of the

3  Scheduling Conference Order.  First, G&M Farms has neither requested modification of the

4  Scheduling Conference Order, nor addressed the Rule 16 standard.  Second, although G&M

5  Farms aided the Court in creating a scheduling order, it is not evident that the present need to

6  amend was caused by matters that were not, and could not be, foreseeable at the time the

7  Scheduling Conference Order was entered.  For instance, G&M Farms has not indicated that the

8  underlying facts and causes of action that it seeks to include in the fourth amended complaint

9  were not known or knowable when it initiated this action in January 2024.  Additionally, it

10  appears that G&M Farms is attempting to amend its complaint to address purported pleading

11  deficiencies in its claims of defective manufacture and design, inadequate warning, and

12  inadequate testing, which were identified by Defendants after expiration of the amendment

13  deadline.  (Doc. 43-5 at ¶ 7; Doc. 43-7, Ex. 1 to Taylor Decl.)  However, Defendants previously

14  challenged the sufficiency of G&M Farms' claims for defects in testing, design, manufacture,

15  labeling, and warning by filing a motion to dismiss in March 2024.[3]  (*See* Doc. 8; Doc. 48 at 3.)

16  This was well before the Court issued the Scheduling Conference Order in June 2024.  (Doc. 27.)

17  G&M Farms has had multiple opportunities to amend its complaint prior to expiration of the

18  relevant amendment deadline as evidenced by filing both a first amended complaint and seeking

19  leave to file a second amended complaint (now identified as the third amended complaint).  There

20  is no indication as to why the pleading deficiencies could not have been addressed at that time.

21  Third, and finally, even if G&M Farms was unaware of any pleading deficiencies in its operative

22  complaint until *after* expiration of the amendment deadline, (*see* Doc. 43-5 at ¶ 7; Doc. 43-7, Ex.

23  1 to Taylor Decl.), G&M Farms has not presented any argument that it attempted to seek

24  modification of the Scheduling Conference Order once any need to amend became apparent.  For

25  these reasons, the Court does not find the requisite diligence and concludes that there is not good

26

27  [3] Defendants also notified G&M Farms in May 2024 of pleading deficiencies in its strict liability in tort
cause for any alleged defects in testing or manufacture.  (Doc. 48-1, Declaration of William E. Padgett ¶ 3

28  and Ex. 1.)

cause for modifying the Scheduling Conference Order. *Johnson*, 975 F.2d at 609. Accordingly, the Court need not address whether G&M Farms satisfied Rule 15(a)(2)'s standard for amending the complaint, and will recommend denial of G&M Farms' motion for leave to amend. *See Ramos*, 2019 WL 2106172, at *8.

<strong>CONCLUSION AND RECOMMENDATION</strong>

For the reasons discussed above, IT IS HEREBY RECOMMENDED that G&M Farms' motion for leave of court to file an amended complaint (Doc. 43) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 3, 2024__          ___/s/ Barbara A. McAuliffe___
                                      UNITED STATES MAGISTRATE JUDGE